UNITED STATES *v.* HAGELBERG *et al.* (No. 832).[1]

BOOKLETS IN CHIEF VALUE OF PYROXYLIN.

Hand-decorated booklets with pyroxylin covers and paper inserts, value in chief of pyroxylin, are dutiable under paragraph 412, tariff act of 1909, as "booklets, decorated in whole or in part by hand, * * * whether or not lithographed," and not as manufactures of pyroxylin under paragraph 17 of that act.

## United States Court of Customs Appeals, June 1, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7301 (T. D. 32019).

[Affirmed.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel, and *Thomas J. Doherty,* special attorney, on the brief), for the United States.

*Comstock & Washburn* (*Albert H. Washburn* and *George J. Puckhafer* of counsel) for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

The goods which are the subject of controversy in this proceeding are booklets in chief value of pyroxylin, decorated in whole or in part by hand or by spraying. The inserts of the booklets are of paper. The covers, however, are either of pyroxylin or pyroxylin, silk, and paper. The merchandise was classified by the collector of customs at the port of New York as manufactures of pyroxylin and accordingly assessed for duty at 65 cents per pound and 30 per cent ad valorem under the provisions of paragraph 17 of the tariff act of 1909, which paragraph, in so far as it is pertinent to the case, reads as follows:

17. Collodion and all compounds of pyroxylin or of other cellulose esters, whether known as celluloid or by any other name, * * *; if in finished or partly finished articles, except moving-picture films, or of which collodion or any compound of pyroxylin or of other cellulose esters, by whatever name known, is the component material of chief value, sixty-five cents per pound and thirty per centum ad valorem.

The importers protested that the goods were not manufactures of pyroxylin, but booklets decorated in whole or in part by hand or by spraying and dutiable at 15 cents per pound under that part of paragraph 412 which reads as follows:

412. * * * Booklets, decorated in whole or in part by hand or by spraying, whether or not lithographed, fifteen cents per pound; * * *.

The Board of General Appraisers sustained the protest and the Government appealed.

The Government contends that as the articles imported are in chief value of pyroxylin and not paper, they can not be assessed for duty under paragraph 412, but must be classified as manufactures of pyroxylin under paragraph 17. In support of this contention, counsel for the appellant calls attention to the first part of paragraph

---

412, which he claims limits the operation of the paragraph to articles which are composed wholly or in chief value of paper. Paragraph 412, in so far as it is pertinent to this inquiry, is as follows:

412. Pictures, calendars, cards, labels, flaps, cigar bands, placards, and other articles, composed wholly or in chief value of paper, lithographically printed in whole or in part * * * shall pay duty at the following rates: Labels and flaps, * * * twenty cents per pound; cigar bands * * *, thirty cents per pound; * * * booklets, seven cents per pound; books of paper or other material for children's use, not exceeding in weight twenty-four ounces each, six cents per pound; fashion magazines or periodicals, printed in whole or in part by lithographic process, or decorated by hand, eight cents per pound; booklets, decorated in whole or in part by hand or by spraying, whether or not lithographed, fifteen cents per pound; decalcomanias in ceramic colors, * * * seventy cents per pound and fifteen per centum ad valorem; * * *.

We do not think that that part of paragraph 412 which reads as follows—

Pictures, * * * and other articles, composed wholly or in chief value of paper, lithographically printed in whole or in part * * *, shall pay duty at the following rates—

excludes from the paragraph every article which is not wholly or in chief value of paper or that it is applicable to any of the subsequent provisions, from the language of which a contrary intent may properly be deduced. Books for children's use, not exceeding in weight 24 ounces each, are dutiable under the paragraph. Nevertheless, by virtue of the language which imposes the duty, such articles need not be of paper lithographically printed. Booklets decorated in whole or in part by hand or by spraying are dutiable under the paragraph whether or not lithographed, and, therefore, whether or not they are of paper lithographically printed. The trouble with the Government's position is that it fails to take account of the fact that if the limitation in the first part of the paragraph is to be carried into the provision for decorated booklets, it must be carried into it as an entirety or not at all. The limitation is not directed to articles composed wholly or in chief value of paper, but to articles composed wholly or in chief value of paper lithographically printed, and consequently any article which by the terms of any subsequent provision is not required to be of paper or to be lithographically printed is not within the intent of the limitation and is excluded from it. In other words, if there be a conflict between the limitation and a subsequent provision which determines the duty for specific goods, effect must be given to the subsequent provision without regard to the limitation. The limitation "composed wholly or in chief value of paper lithographically printed in whole or in part," if incorporated with the provision for decorated booklets, demonstrates its incompatibility, and, therefore, so far as that provision is concerned, it must be disregarded.

The decision of the Board of General Appraisers is *affirmed.*